[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED DECEMBER 2, 1994
The plaintiff brings this action in the form of a "Petition for Shareholder's Appraisal Rights" pursuant to Connecticut General Statutes §§ 33-373 and 33-374. The plaintiff alleges that he is a minority shareholder of the defendant corporation and that on May 31, 1994 a majority of the shareholders thereby voted to sell substantially all of its assets, including goodwill, proprietary software, and all ongoing contracts, and entered into a noncompete agreement with the purchaser, retaining only assets sufficient to satisfy retained liabilities. The plaintiff's shares were voted against the proposed transaction.
The claim of the plaintiff is that the alleged transaction while termed "sale of substantially all assets" constitutes a de fact merger between the defendant, CPI, and the purchaser thereby triggering his rights pursuant to C.G.S. §§ 33-373 and 33-374.
The defendant, CPI, has filed a motion to strike the petition claiming that it fails to allege facts which would bring him within the preview of the above statutes. A motion to strike tests the legal sufficiency of a pleading and admits all facts well pleaded. Ivey,Barnum O'Mara v. Indian Harbor Properties, Inc.,190 Conn. 528, 530 (1983). A motion to strike does not, however, admit legal conclusions. Verdon v.CT Page 12217-FFTransamerica Ins. Co., 187 Conn. 363, 365 (1982).
In his complaint, as a basis for the relief sought, the plaintiff relies upon C.G.S. 33-272(c), which affords appraisal rights to "[a]ny shareholder of a merging or consolidating domestic corporation who objects to the merger or consolidation." The plaintiff does not allege a merger or consolidation in the legal or statutory sense but rather urges the court to look beyond the designation given this transaction and utilize the doctrine of "de facto" merger so as to allow the plaintiff to utilize the rights afforded by §§ 33-373(c) and 33-374(b)
As the defendant points out, however, the legislature has recognized a situation where appraisal rights should be afforded a dissenting shareholder where a corporation sells substantially all of its assets as part of a general plan of liquidation or distribution, "substantially equivalent to a merger." C.G.S. § 33-373(d). However, such a situation pertains only when such sale is "primarily in consideration for securities of another corporation" which is not the situation at hand according to the allegations of the complaint.
Despite the creative arguments set forth on behalf of the plaintiff, the court is not inclined to expand the doctrine of "de facto" merger in the context beyond those limits expressed by the legislature.
The allegations set forth in the plaintiff's petition do not allege facts that bring him within the statutory scheme of §§ 33-373 and 33-374 of the Connecticut General Statutes. The Motion to Strike is therefore granted.